STEAGALL, Justice.
In October 1983, Gene L. Dismukes, a real estate broker, represented Ransom and David Granik in the sale of an 839-acre parcel of property (hereinafter the “Granik property”) to Andrew C. Nolin, Jr., and Richard W. Conner for $350,000. In March 1986, Nolin and Conner sold the Granik property to Dr.. Wayne Pressgrove for $503,400. Dismukes’s role in this second sale is the basis of this dispute.
Dismukes contends that he obtained an exclusive listing from Nolin and Conner for the Granik property when, in a conversation with Nolin with Conner present, Nolin agreed to pay him a 10% broker’s commission on the sale of the property regardless of who sold it, when it was sold, and at what price it sold. Dismukes also contends that this agreement was breached when Nolin and Conner, after having contracted with Pressgrove to sell the Granik property for $503,400, paid Dismukes only $3400 in commission. Dismukes further claims that Nolin and Conner defrauded him and never intended to pay him a 10% broker’s commission on the sale. Dismukes claims that, in reliance upon their representations, he did work on the property to make it more attractive for hunting, ran survey lines on the north/south border, and supervised fencing work, all at no charge to Nolin and Conner. Additionally, Dismukes showed the subject property to more than 20 prospects and produced Pressgrove as the ultimate purchaser of the property. Nolin and Conner, Dismukes alleges, assured him that he would be compensated for his efforts by his real estate commission when the property was sold.
Nolin and Conner contend that Dismukes was given permission to show the property, but was not given an exclusive listing on the property. They say they agreed to pay Dismukes a 10% commission if he sold the property at $1000 per acre. He did not do so. Pressgrove, the purchaser produced by Dismukes, paid only $600 per acre, the minimum purchase price acceptable to No-lin and Conner; Dismukes was aware that this was the minimum acceptable price, pri- or to showing the property to Pressgrove. Nolin and Conner presented evidence that Dismukes accepted checks from them during this two-year period while Dismukes was showing and improving the property; that he allowed them to pay his telephone bill sometimes and to pay for repairs to his Ford truck; that they advanced Dismukes money to enroll his children in Lowndes Academy; that they paid for a washer and dryer for Dismukes; and that they even purchased Dismukes’s Christmas presents one year.
On April 23, 1986, Dismukes sued Nolin and Conner, alleging work and labor done and breach of a real estate broker’s commission contract, and seeking $46,940 in compensatory damages (the difference between a 10% commission and what he had been paid). Dismukes then filed an amended complaint, alleging fraud and seeking $100,000 in compensatory damages and $250,000. in punitive damages. At a jury trial, Nolin and Conner’s motions for directed verdict on all three claims made at the close of plaintiff’s evidence and at the close of all evidence were denied. After the trial court submitted the case to the jury on all three claims, the jury rendered a general verdict in favor of Dismukes and awarded him $85,000 in damages. Nolin and Conner then filed a motion for JNOV or, in the alternative, for new trial on the fraud claim, which was denied. They now appeal from the denial of this motion.
After a thorough review of the record, we find that, at most, the facts Dismukes presented at trial support a claim for breach of contract. Thus, Dis-mukes is entitled to $46,940 — the remainder of his 10% commission from the sale of the Granik property — rather than the $85,-000 the jury awarded him. A claim for breach of contract will not support an award of punitive damages. John Deere *1021 Indus. Equipment Co. v. Keller, 431 So.2d 1155 (Ala.1983).
Therefore, the trial court’s denial of No-lin and Conner’s new trial motion is affirmed conditioned upon Dismukes’s acceptance of a remittitur in the amount of $38,060. If Dismukes does not file such a remittitur with the clerk of this Court within 28 days of the date of this opinion, then the judgment will be reversed and the cause remanded for a new trial on the contract claim.
AFFIRMED CONDITIONALLY.
MADDOX, JONES, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.